OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Portsmouth Bar and Library Association v. Stevenson.
[Cite as Portsmouth Bar & Library Assn. v. Stevenson
(1994),        Ohio St.3d       .]
Attorneys at law -- Misconduct -- Public reprimand -- Engaging
     in conduct involving dishonesty, fraud, deceit or
     misrepresentation.
     (No. 93-2562 -- Submitted February 1, 1994 -- Decided
April 20, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-63.
     On December 7, 1992, relator, Portsmouth Bar & Library
Association, filed a two-count complaint charging respondent,
John R. Stevenson of West Portsmouth, Ohio, Attorney
Registration No. 0023998, with one violation of DR 6-101
(incompetently handling a legal matter) and one violation of DR
1-102(A)(4) (engaging in conduct involving dishonesty, fraud,
deceit, or misrepresentation).  Relator subsequently dismissed
the count charging violation of DR 6-101; respondent admitted
violating DR 1-102(A)(4).  A panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
held a hearing on this matter on November 12, 1993.
     Respondent, who was admitted to the Bar in 1981 and spent
most of his career as an assistant county prosecutor in
Portsmouth, resigned from this position in 1988 to enter
private practice.  In this practice, respondent was hired by
Ralph Mosley to represent Mosley for injuries Mosley sustained
in an accident occurring in the Portsmouth Municipal Court
Building.  Mosley, who had been disabled for some time before
the accident due to job-related injuries, was injured when
handicapped rails, with which he attempted to brace himself,
collapsed.  Mosley's medical bills to the date of the panel's
hearing totaled approximately $30,000.
     Respondent performed minimal work on Mosley's claim,
although he continually corresponded with Mosley.  In any
event, respondent failed to timely file the complaint within
the statute of limitations, but told Mosley that he had filed a
complaint and that the case was proceeding well.  Respondent
also informed Mosley that the city had agreed to pay all of

Mosley's medical bills, which was not true. Eventually, in October 1991, respondent advised Mosley that he had failed to sue within the statute of limitations. Nevertheless, respondent agreed to pay Mosley $150,000 for respondent's negligence and paid Mosley an initial $5,000. Respondent agreed to pay monthly installments of $1,500 until he paid off the balance.

Respondent failed to pay any further amounts. Mosley retained another attorney and obtained a judgment against respondent for $145,000. Respondent then filed for bankruptcy and included Mosley's claim, although respondent had agreed in the settlement agreement that he would not discharge the debt in bankruptcy. Mosley filed a complaint in the bankruptcy action and received $15,000. He will receive approximately $12,000 more when the bankruptcy is closed.

The panel concluded that Stevenson violated DR 1-102(A)(4) and recommended that he receive a public reprimand. The board adopted the findings of fact, conclusions of law, and recommendation of the panel.

Kimble, Stevens, Young, Clark, Spears & Rodeheffer and Jack D. Young, for relator.

John R. Stevenson, pro se.

Per Curiam. After reviewing the record, we agree with the board's findings and recommendations. Consequently, we publicly reprimand respondent and tax costs to him.

Judgment accordingly.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents and would suspend respondent from the practice of law for six months.